UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| C.G., by next friend,<br>JENNIFER BARRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>OAK HILLS LOCAL SCHOOL DISTRICT,<br>et al.,<br><br>    Defendant. | Case No. 1:21-CV-524<br><br>Judge Michael R. Barrett<br><br>**OPINION & ORDER** |

This matter is before the Court on a motion for summary judgment by Defendants Oak Hills Local School District, Oak Hills High School, William Beinkemper, Alan Cocklin, and Jeffrey Brandt. (Doc. 14). Also pending is a motion for judgment on the pleadings by Defendants, (Doc. 8), and a motion for default judgment by Plaintiff Carlos Gomez,[1] (Doc. 9). For the following reasons, the Court will grant the motion for summary judgment and deny as moot the motions for judgment on the pleadings and default judgment.

---

[1] Defendants note that Gomez has reached the age of majority during the pendency of this matter. Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest," but notes an exception in which guardians may sue under their own names. Fed. R. Civ. P. 17(a)(1). However, "a guardian can and will lose [their] status as a real party in interest, if that guardian brought a suit on behalf a minor who reaches the age of majority during the litigation and has no other incompetency." *Doe v. St. Edward High Sch.*, No. 22-CV-440, 2022 U.S. Dist. LEXIS 123849, at *4 (N.D. Ohio July 13, 2022); *see Phillips v. Anderson County Bd. Of Educ.*, 259 F. App'x 842, 843 n.1 (6th Cir. 2008). Because Gomez is now an adult and Jennifer Barrera no longer has a real party interest in this matter, Barrera must be dismissed as a party.

### I. FACTUAL BACKGROUND

Gomez alleges that in January 2021, his AP Government teacher Defendant Cocklin "made disparaging claims against those that supported then[-]President Trump," and "specifically referred to people who supported President Trump as 'not educated' and went on to make other derogatory comments towards Trump [s]upporters." (Doc. 3, PageID 18). Gomez recorded the interaction along with another in April 2021, and his parents eventually called Defendant Brandt to discuss the matter. (*Id.*, PageID 19). Brandt informed them "that teachers were told not to discuss their personal beliefs or bring up politics in a biased manner," and Gomez was placed in another AP Government class shortly thereafter. (*Id.*).

On May 11, 2021, Gomez attended school wearing a sweatshirt that depicted an AR-15 rifle and bore the word "ESSENTIAL." (*Id.*). Defendant Beinkemper confiscated the sweatshirt on the grounds that it violated the school's dress code and would cause a disruption if Gomez continued to wear it. (Doc. 14, PageID 113). Gomez now claims that Defendants violated his First Amendment right to freedom of expression "by requiring [him] to remove his sweatshirt, which outwardly expressed [his] belief that an American citizen's right to bear arms is 'essential.'" (Doc. 3, PageID 14-15). Gomez also argues that Defendants violated his First Amendment rights to freedom of speech and expression "through their continuous use of the classroom to advance their own political ideologies, while suppressing speech that expressed an opposite political belief." (*Id.*, PageID 15).

Defendants counter that they reasonably forecasted a substantial disruption resulting from Gomez's expression and assert that Gomez "testified only that he did not agree with the political speech made by teachers in class and not that he was precluded

2

or prevented from expressing his viewpoints during class discussion." (Doc. 14, PageID 113). Accordingly, they move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a fact is "material" only when its resolution affects the outcome of an action, and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party has satisfied its initial burden of showing the absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations in the pleadings, but must instead put forth specific facts showing that there is a genuine issue for trial. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## III. ANALYSIS

"[I]t is axiomatic that students do not 'shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.'" *Lowery v. Euverard*, 497 F.3d 584, 588 (6th Cir. 2007) (quoting *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507 (1969)). However, "the constitutional rights of students in public school are not automatically coextensive with the rights of adults in other settings, and courts must apply the rights of students in light of the special characteristics of the school environment." *Barr v. Lafon*, 538 F.3d 554, 562 (6th Cir. 2008) (cleaned up). Schools may therefore limit

"student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns," *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988), and school boards are best situated to make the "determination of what manner of speech in the classroom or in school assembly is inappropriate," *Bethel Sch. Dist. v. Fraser*, 478 U.S. 675, 683 (1986); *see also Curry v. Hensiner*, 513 F.3d 570, 577-78 (6th Cir. 2008).

"'[T]o justify prohibition of a particular expression of opinion,' a school district must be able to show only . . . 'that the school authorities had reason to anticipate that the wearing of [prohibited imagery] would substantially interfere with the work of the school or would impinge upon the rights of other students.'" *D.B. v. Lafon*, 217 F. App'x 518, 525 (6th Cir. 2007) (quoting *Tinker*, 393 U.S. at 509). Here, Defendants have offered summary judgment evidence in support of their contention that the school has experienced past disruptions related to weapons or statements and depictions of weapons. (*See* Doc. 14, PageID 115-16, 121-22).

Even when viewed in a light most favorable to Gomez, the circumstances described show that it was reasonable for school officials to predict that allowing clothing with depictions of weapons had the potential to cause "a substantial disruption of, or material interference with, school activities." *Boroff v. Van Wert City Bd. of Educ.*, 220 F.3d 465, 470-71 (6th Cir. 2000). To that end, "*Tinker* does not require school officials to wait until the horse has left the barn before closing the door. Nor does *Tinker* 'require certainty that disruption will occur.'" *Boroff v. Van Wert City Bd. of Educ.*, 220 F.3d 465, 471-72 (6th Cir. 2000) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 767 (9th Cir. 2006)). And although Gomez argues that "one cannot reasonably conclud[e] that a

4

disruption would result," (Doc. 18, PageID 292), he does so in conclusory fashion and otherwise fails to put forth specific facts showing that there is a genuine issue for trial, *see Matsushita*, 475 U.S. at 587.[2]

As to Gomez's claim of viewpoint suppression in the classroom, Defendants are also entitled to summary judgment. Simply put, Gomez's allegation that he was told he was "wrong when discussing the conservative point of view of the events on January 6th, 2021," (Doc. 18, PageID 294), does not rise to the level of a constitutional violation. There is a complete dearth of evidence that Gomez was prevented from presenting his point of view or impermissibly punished for doing so, and Defendants aptly note that the First Amendment does not protect Gomez from being "challenged by others' speech in opposition to his views." (Doc. 19, PageID 388).

Finally, Gomez argues that Defendants violated his Fourteenth Amendment due process rights when they created and enforced "ambiguous and vague" dress code policies. But as has long been the case, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Kiser v. Kamdar*, 831 F.3d 784, 791 (6th Cir. 2016) (internal quotations omitted). Thus, insofar as Gomez seeks to bring a Fourteenth Amendment claim that is largely duplicative of his First Amendment claims, it cannot stand. *See Boroff*, 220 F.3d at 471-72 (holding that a student could not use the

---

[2] Gomez argues that a question of material fact still exists regarding whether he or his parents acknowledged receipt of the school handbook that included the school dress code. However, as Defendants correctly note, "[t]he documents . . . attached as Exhibit A to Plaintiff's response are not in the form required by Rule 56," and Gomez is "ignoring his own deposition testimony that he received the 2020-2021 student handbook at the beginning of the school year and he had his parents sign it." (Doc. 19, PageID 386).

5

Fourteenth Amendment "as a fallback constitutional provision" for a free speech claim directly governed by the First Amendment).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment, (Doc. 14), is **GRANTED**; Defendants' motion for judgment on the pleadings, (Doc. 8), and Gomez's motion for default judgment, (Doc. 9), are **DENIED** as moot.

**IT IS SO ORDERED.**

                                                  ___/s/ Michael R. Barrett__
                                                  Michael R. Barrett, Judge
                                                  United States District Court